IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 16–0267-CCB |
| | : | |
| DONTRAY JOHNSON | : | |
| | : | |
| Defendant | : | |

_____

**MOTION TO SUPPRESS EVIDENCE SEIZED DURING THE SEARCH OF RESIDENCE**

Comes now the Defendant, Dontray Johnson, by and through his attorneys, Michael E. Lawlor, and Nicholas G. Madiou, Lawlor & Englert, LLC, and hereby moves this Honorable Court to suppress all evidence seized as a result of the unlawful search of 4 Wyegate Court, Owings Mills, Maryland 21117, the Defendant's person, and the 2002 Acura on July 31, 2015. In support of this motion, counsel state the following:

1. Mr. Johnson is charged in a 24 co-defendant indictment with participation in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, distribution and possession with the intent to distribute narcotics, in 21 U.S.C. § 841, possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g), and possession and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

2. On July 29, 2015, Officers from the Baltimore County Police Department sought and obtained a search and seizure warrant for 4 Wyegate Court, Owings Mills, Maryland 21117, the Defendant's person, and a 2002 Acura, 4-S Silver Sedan, Maryland Tag #: 7CA1012, VIN # 19UUA56882A023789. The warrant was ultimately executed on July 31, 2015. The factual basis presented in the application for the search warrant does not establish probable cause as required by the Fourth Amendment to the United States Constitution.[1]

3. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" Brigham City v. Stuart, 547 U.S. 398, 403 (2006). "Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." Vernonia School Dist. 47J v. Acton, 515 U.S. 646, 653 (1995). The warrant requirement ensures that the inferences to support a search are

---

[1] The search warrant application is attached to this motion as Exhibit A.

"drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 14 (1948).

4. "In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir.1993). Probable cause "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the place to be searched. Ornelas v. United States, 517 U.S. 690, 696 (1996). The facts offered to support a finding of probable cause must be assessed under the totality of the circumstances, and must demonstrate a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

5. Here, there are no facts connecting the subject residence and vehicle to evidence related to the suspected crime. In other words, there is no nexus between the suspected crime of possession of a firearm by a convicted felon and the places to be searched. Because the search warrant was not based on probable cause, and because the officers were not entitled to rely

on it in good faith, <u>United States v. Leon</u>, 468 U.S. 897 (1984), the search of the residence was conducted in violation of the Fourth Amendment, and any evidence or statement obtained as a result must be suppressed. See <u>Wong Sung v. United States</u>, 371 U.S. 471 (1963).

6. Moreover, certain seized items of evidence from the residence exceeded the proper scope of the warrant, and should therefore be suppressed.

7. In the warrant, the items subject to seizure include:

> Firearms, ammunition, boxes, manuals, paperwork pertaining to the firearms, and photos of Dontray Samuel O. Johnson in possession of the firearms including those stored as files, images or saved to cellular devises, computers or computer media.
>
> Indications of occupancy, residency and/or ownership of the premises above described, including but not limited to utility and phone bills, cancelled envelopes and keys.

Exhibit A. Among the items seized from Mr. Johnson's residence were a framed photograph of Mr. Johnson wearing long red shorts and red shoes, standing among a group of males, and paperwork that officers recognized as an "owe sheet."

8. "The scope of a lawful search is 'defined by the object of the search and the places in which there is a probable cause to believe that it

4

may be found.'" Maryland v. Garrison, 480 U.S. 79, 84-85 (1987) (quoting United States v. Ross, 456 U.S. 798, 824 (1982)). Here, assuming for the sake of argument the validity of the search warrant, the permissible scope of the warrant was clearly limited to evidence relating to firearms. The seizure of photographs and paperwork that do not relate in anyway to firearms exceeds the permissible scope of the warrant and thus those items should therefore be suppressed.

WHEREFORE, for the reasons set forth above, and those reasons that may be presented at the hearing on this motion, the Defendant respectfully requests that this Honorable Court grant this Motion and suppress all evidence obtained by law enforcement as a result of the execution of the search warrant at 4 Wyegate Court, Owings Mills, Maryland 21117, including any subsequent statements made upon Mr. Johnson's arrest.

        Respectfully submitted,

        s/_____
        Michael E. Lawlor
        Nicholas G. Madiou
        Lawlor & Englert, LLC
        6305 Ivy Lane
        Suite 608
        Greenbelt, Maryland  20770
        301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2017, a copy of the foregoing Motion was sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
Michael E. Lawlor