IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 16–0267-CCB |
| | : | |
| DONTRAY JOHNSON | : | |
| | : | |
| Defendant | : | |

_____

**MOTION TO SUPPRESS STATEMENTS
OBTAINED ON JULY 31, 2015 AND OCTOBER 3, 2015**

Comes now the Defendant, Dontray Johnson, by and through his attorneys, Michael E. Lawlor, and Nicholas G. Madiou, Lawlor & Englert, LLC, and pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure requests that this Honorable Court grant the Defendant's Motion and suppress any and all statements, admission and confessions allegedly given by the Defendant, whether oral, written or otherwise recorded, which the Government proposes to use as evidence against the Defendant at trial. These statements include, but are not limited to, those allegedly made during and after the search of his residence on July 31, 2015, and those made during and after the stop, search, and arrest of Mr. Johnson on October 3, 2015. In support of this Motion, counsel state the following:

1.   Mr. Johnson is charged in a 24 co-defendant indictment with participation in a racketeering conspiracy, in violation of 18 U.S.C. §

1

1962(d), conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, distribution and possession with the intent to distribute narcotics, in violation of 21 U.S.C. § 841, possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g), and possession and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

2.   Discovery and information provided by the Government indicates that the Defendant allegedly made several statements on July 31, 2015, and on or about October 3, 2015. The Government will likely try to introduce these statements at the trial of this matter.

3.   The alleged statements made by Mr. Johnson were obtained in violation of the Fifth Amendment to the United States Constitution and Miranda v. Arizona, 384 U.S. 436 (1966).

4.   The Fifth Amendment provides that "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. To safeguard this constitutional guarantee, law enforcement must inform individuals who are in custody of their Fifth Amendment rights prior to interrogation. See Miranda, 384 U.S. at 444. Without first providing such warnings, evidence obtained from the interrogation is generally

inadmissible. Id.; see also United States v. Hargrove, 625 F. 3d 170, 177 (4th Cir. 2010).

5. Whether an individual is in custody for purposes of Miranda is an objective inquiry which centers on whether "'a reasonable man in the suspect's position would have understood his situation to be one of custody." United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007); United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007) (defining "custody" as whether "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave") (alteration in original).

6. Facts relevant to the custodial inquiry include, but are not limited to, "the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the presence of multiple officers, the potential display of a weapon by an officer, and whether there was any physical contact between the officer and the defendant." United States v. Day, 591 F.3d 679, 696 (4th Cir. 2010) (quoting United States v. Weaver, 282 F.3d 302, 312 (4th Cir. 2002)) (internal quotation marks omitted).

7. The United States Supreme Court has made clear that "interrogation" includes more than direct questioning. Rhode Island v.

Innis, 446 U.S. 291 (1980). "[T]he term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 301.

8. The statements allegedly made by the Defendant were obtained in response to direct questioning by the police while the Defendant was in custody. The Defendant was not read his rights under the Fifth Amendment before the police detained and interrogated him. As a result the statements allegedly made by the Defendant should be suppressed.

9. The Defendant's alleged statements should also be suppressed because they were involuntary under the Due Process Clause of the Fifth Amendment to the United States Constitution.

10. The test for determining whether a statement is voluntary under the Due Process Clause "is whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." Hutto v. Ross, 429 U.S. 28, 30 (1976) (alterations in original) (internal quotations omitted).

11.     The critical inquiry when determining whether the defendant's statement is voluntary for purposes of due process "is whether the defendant's will has been 'overborne' or his 'capacity for self-determination critically impaired.'" United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir.1987) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)).

12.     The burden is on the Government to prove by a preponderance of the evidence that the statement was voluntary. See Lego v. Twomey, 404 U.S. 477, 489 (1972). In making this determination, courts must consider "the 'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." Pelton, 835 F.2d at 1071 (quoting United States v. Wertz, 625 F.2d 1128, 1134 (4th Cir.1980)).

13.     The Defendant's statements were involuntary as they were allegedly made after threats by the police, and/or while the Defendant was under the influence of alcohol and narcotics. Under the totality of the circumstances, the Defendant's will was overborne by police action and, as such, the Defendant's statements should therefore be suppressed.

WHEREFORE, for the reasons set forth above, and those reasons that may be presented at a hearing on this motion, the Defendant respectfully requests that this Honorable Court grant this Motion and suppress all

statements obtained by law enforcement in this case.

Respectfully submitted,

s/_____
Michael E. Lawlor
Nicholas G. Madiou
Lawlor & Englert, LLC
6305 Ivy Lane
Suite 608
Greenbelt, Maryland  20770
301.474.3404

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2017, a copy of the foregoing Motion was sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
Michael E. Lawlor
