FILED    ENTERED
LODGED    RECEIVED

NOV 4 2019

AT LAC
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN the United States District Court
for The District of Maryland

Dontray Johnson
Movant, Pro-SE     Case No. 1:16-cr-00267-CCB-2

V.

United States of America
Respondent.

Motion to Vacate, Set Aside, or Correct a
Sentence By a Person in Federal Custody
(Motion Under 28 U.S.C 2255)

I.
Parties and Jurisdiction

Movant Name: Mr. Dontray Johnson
D.C·D.C. No: 368-813
Federal Reg: No 42134-037
Institution: D.C Jail CDF
Address: 1901 D st. SE
City: Wash D.C
Zip: 20003

# II
## Case History Information

District Court:

Name of Judicial officer:
    The Honorable Cathrine C. Blake

Names of Defense Attorneys:
    Mr. Nicholas G. Madiou
    Mr. Michael E. Lawlor

Names of Prosecutors:
    Christina A. Hoffman
    Jason Daniel Medinger
    Daniel Charles Gardner

Charges: Racketeering Conspiracy 18 U.S.C 1962 (d)
    Conspiracy to Distribute 21 U.S.C 846

Term of Sentence: 360 Months Imprisonment and (5)
    years Supervise Release With two
    Hundred Dollars Court Assessment Fee

Sentencing Date: Nov. 24, 2018

## Summary of Argument

The movant is entitled to vacation of his conviction Because The evidence was insufficient to support the charge and defence counsel clearly did not have his clients best interest at heart, As Mr. lawloo coerce * allowed petitioner to pled guilty on several points of speculation that (1) The defendant committed said crimes (2) The defendant was responsible for and on scean for two murder's (3) The redacted version of CCTV and store camera's (4) The Truthful Testimony of a Gang-member, Drug Pusher and Murderin lieing Confadentual Informent (5) For 1 KG of Heroin and 280 grams or more of crack coccain, for the fradulent story's made up By U.S.D.A. Baltimore citys police Task Force, lieing (I)'s and other co-operating criminals. Ms. Hoffman along with court appointed counsel co-operated against Mr. Johnson, because of a unusual amount of time's defendant declined to assist Lawyer & State's Attoney Ms. Hoffman with co-operating Information against those in said R.i.c.o Case.

Here, Three former defense Counsels accepted The Govercnments version of events with-out real question U.S V. Matas, supra, 905 f. 2d, 30 (2d. Cir 1990). That Left The Petitioner No choice But to plea too a lenghtey amount of time, no matter how unjust It was. Stevens v. Delaware Correctional Center, 152 F. Supp. 2d, 561, 580. (D. Del, 2001). Which amount's to pre-Judice, because there Lawyer's had information, That Placed both of them on notice That Furtheller investigation was necessary

Based on the fact that (CI's) were not credible / Police Officers were lieing on stand and pertisapating in criminal activitys. The Government withheld immunity agreement informatian Confadential Informent perjured about a murder He later confess too, saying some one else did it, (Murder). Had counsel bothered to exploit. These facts, along with other important informatian, The out come would have been different, as the following will demonstrate.

## Reasons for Granting the Petition

Ground one:

Defense Counsel Was Operating Under a Conflict of Interest During Pretrial and Trial Service In Violation of Petitioners Fifth And Sixth Amendment Rights.

Supporting facts:

Mr. Michael E. Lawlor Refusal to conduct an investigation into their clients version of the events Leading to the charges, and continuing to persue plea Negotiations over their clients objections. Ms. Hoffman, AUSA. was manufacturing stories based upon her inforament status As A professional Confidential Informent; Bott defense counsels sought to Aid the Government on, who was suppressing evidence favorable to defense, Which cost the Loot of those phone records and video-tapes that would have helped petitioner in said case, that Amounts to prejudice, had any of the two Attorney's bothered to discharge their duties to their client.

## Ground 2

Counsel was ineffective for failing to seek Discloser of other video-Tape evidence in Possession of the United States.

Supporting facts:

MR. Nicholas G. Madieu and Mr. Michnel Lawlor failure to seek the additional video-Taped and recorded phone calls evidence of Mr. Johnson's arrest and from the street or Government buildings surveillance camera film was deficient performance because those videos & phone records would have shown a completely different Accounts of the incident

Ground Three
              Counsel was Ineffective for
Failing to Employ an Private Investigator to Locate
and Interview witnesses

Supporting facts:
              Mr. Michael E. Lawlor and Nicholas
G Madiou failed to hire and Retain a private inves-
tigator to Locate and interview any of the Known witnesses
who was present at the crime sceen which amounts to deficient
performance Because said defendent's co-defendent's and
Other's where on the sceen and could contest to victim's
activities, and Account that defendent was not said shooter.
Had counsel took there time to hier private Investigator to
Locate and Interview witnesses Defendant would Not be incar
cerated

Ground four,

Counsel was Ineffective for failing to Investigate the Scene of the Incident to Determine Whether the Commercial outlets Surrounding the Area may have Contained both witnesses or other video footage of the events Described.

Supporting Facts:

Mr. Nicholas Madiou And Mr Michael E Lawlor's failure to investigate the area of the scene of the incident and made the effort to search for possible witnesses from the Convenience store, BP Gas station and other store front buildings, Amount to deficient performance Because those places of business and surveillance records would have shown a very different story about the Activities and the encounters the Alleged CI and law enforcement attempts to portray about Mr. Johnson

Ground Five

Counsel was INEFFective in Failing to Seek Discovery on the 911 Emergence call "Shooting" alert made by unknown Persons. The Government Failed to Discus Voluntarily. In Violation of the FiFtH and Sixth Amen dment

Supporting Facts:

Mr Michael E. Lawlor Failure to Seek discovery of the 911 emergency callers tape recordings as a means to identify the unknown party. Amounts to deficient performance.

## Ground Six

Counsel was Ineffective in failing to file Pre-trial Motion to Dismiss Based on Prosecutorial - Mis Conduct:

Facts supporting:

Counsel's failure to entertain a Motion to dismiss this case on prosecutorial misconduct based upon the United States Attorney office and Baltimore City and County Police Departments pattern of using negative public and social media events disclosure of video footage to slander criminal defendants as a practice and custom to prejudice the accused who has not authorized the release of A film redacted to charactorized the defendant as a criminal, amounts to deficient performance, because Counsel knows full well that the public routinely follows most violent crime events in the news and facebook and Other Internet providers encourage thier customers to replay crime victims assualts and other incidents as a soorce of entertainment and the prosecution is well aware that Grand Jury and potentuel Jurors are viewing those redacted video-clips where Grand Juror members are never canvassed for their possible biasness or political views, and Counsel should have brought a claim on this Issue in light of cops and prosecutors desire to try a case in the media to win at all cost

# Ground Seven

The Goverment Committed Prosecutorial Misconduct By Sponsoring Perjured Testimony from its Witnesses

Supporting facts:

The prosecution knowingly sponsored perjured Testimony from its main witness/CI who was allowed to attest to facts Ms. Hoffman did not investigate or verify as true before she submitted it to the Grand Jury for an indictment. In violation of Petitioners fifth Amendment rights, Despite the fact that the government was on actual notice that their witness/CI was a known High ranked Gang member who was a well known killer only testifying for monotery value, time served on a charge he commited and relocation

## Ground Eight

Counsel's Failure to Pursue Discovery of Video-Taped and recorded phone call Evidence of this Incident Violated Movant's Sixth Amendment Rights.

Supporting facts:

Both Mr. Madiou and Mr. Lawlor's failure to Actively seek and secure discovery of the security surveillance video footage and recorded jail and cell Phone evidence of the incident in the prosecution, Baltimore City / County's Police departments Possession, was deficient performance because those film and calls would have exonerated Mr. Johnson, and supported defendants claim of innocents from the begainning, And because those Attorneys Refused to seek those tapes to prevent the Malfeasance from being exposed to the public and the courts alike. that resulted in defendant taking outragous plea of guite based upon purjured Testimony.

# Ground NINE

## Counsels Failure to Interview or Locate Possible witnesses for the Defense.

### Supporting facts:

Defense Counsels failure to Locate and interview [any] witnesses before hand who had either been present during the encounter at the store between the victim and assailant during the confrontation. Amounts to deficient performance. Farrell v. United States, 391 A.2d 755, 758-61 (D.C. 1978) ("Noting that omission to contact any potential witnesses constitutes ineffective assistance of counsel and results in Reversal unless Lack of prejudice is shown") Nealy v. Cabana, 764 F.2d 1173 (5th cir 1985). And had Defense Counsel Mr. Lawlor had at least made the Attempted to locate and interview known witnesses Counsel could have empeached the CI's false Claim that defendant told (CI) he had shot and Killed victims as well as defendant being the killer in All. That known witnesses would have testified that Mr. Johnson was not the Murder suspect in crime.

Like wise, had defense counsel took the time to visit the site of the incident he could have found additional witnesses to corroborate Mr. Johnson's arrest statement.

The court should note that defense counsel Mr Lawlor did not even pre-trial interview any witnesses for "Gov" or defence...

Ground Ten

## Direct Appeal Issues omitted BY Counsel: Denial of Counsel of Choice:

Issue supporting facts:

Had Mr Cowlor bothered to obtain all pre-trial transcripts an Read them and spoke to his client in person, Trial counsel would have discovered that the court had severally Abused its discretion in Removing Mr Johnson's First Lawyer under protest by the defendant. Harling V. United States 387 A2d. 1101, 1104 N.6 (DC 1978). Based upon an Fictional Conflict of Interest not presented in Motion form or Anounced in open court in Mr. Johnson's presence. Douglas V. United States, 488 A.2d. 121, 136 (D.C 1985). Rather, this discussion was conducted ex parte in secrecy between the government and the court who refused to hold a waiver hearing and instructed the First Lawyer not to disclose the alleged Conflict between the parties. Douglas, Supra 488 A.2d At 144 N. 33. Which a strict Violation of defendants Fifth and Six Amendment occured by the trial court prohibiting the defendant to opossess the Reason for the Courts erroneous Action

Furthermore, Had Trial Counsel bothered to fully investigate this matter by his starting to read the Discovery on this case and having an open dialogue with his client, Counsel could have prevailed on the issue under United States v. Gonzalez-Lopez 548 U.s 140, 150 (2006). Because Mr lawlor would have relized that this false Conflict of Interest story was manufactured by the government and the trial court to Attempt to corral

Mr Johnson into a corner with a lawyer of their choice.
Than his to coerce him into pleading guilty to a charge he
didn't comitt, and to protect their cooperating Informment Identity.
Had counsel bothered to know and present these facts,
the merit panel ~~may have~~ should have reversed for abuse of discetion, however
this failure was prejudicial in the most extreme deficient conduct.

① The court should take Judicial notice that former Trial
Counsel was also Required to raise claims and did not, Hardy V.
United States, 988 A2d 950,960 (DC 2010) which presents the noval
Issue as to whether this courts opinicus in Biomet, Inc. supra
and the Supreme Court decisions in Murray and Smith, supras.
Fully apply in the Post-trial application context of 2255.
② The court should take Judicial notice of it's opinion in Harris V.
United States, 738 A.2d 269,277 (DC 1999) (quoting) Scott V. United
States, 559 A.2d. 745,748 N.6 (D.C. 1989) (en banc) ("defining the con-
tours of "ex parte communications" as those that involved fewer
than all parties who are legally entitled to be present) SEE: District
of Columbia Code of Judicial Conduct, Cannon Rule 3 (b)(7)(e)
(1995) An other words, the trial court abused its discretion in prohibiting
Mr Johnson's First attorney from disclosing this Alleged Conflict, with
his Client or making its decision ex-parte.

The Supreme court Affirmed and remanded, that the District court had erred when it had denied the defendant his choice of counsel, which he is entitled to a reversal of his conviction as this error: (i) violated the defendant sixth amendment, right to counsel choice without being required to show prejudice, from substitute counsels performance. Instead of an automatic reversal of criminal defendants conviction when trial court erroed in applying its rules regarding pro hac-vice admissions as a result prevented the defendant from being represented by the defendant's first choice attorney affected the quality of assistance that the defendant received.

A trial courts erroneous deprivation of a federal criminal defendant choice of counsel entitled the defendant to reversal of his conviction on appellate review. Grounds for disqualification of criminal defendants chosen and preferred attorney in federal prosecution. 127 A.L.R. Fed. 67. Indigent accused's right to choose Particular counsel appointed to assist him. 66 A.L.R. 3d 996. Under sixth Amendment to counsel choice. District court erred by not Honoring defendant's right to waiver of conflict-free Representation.

The claimed deprivation is an arbitrary infringement on the right to assistance of counsel and interference with Attorney-client relationship, not a claim of ineffective assistance of counsel. Reversal is required even though no prejudice is shown. The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.

There is no meaningful distinction between an order which prohibits a defender from discussing his case with his attorney, or an order prohibiting defense counsel from discussing his reason with his client as to what amounted to a conflict of interest.

Powell v. Alabama, 287 U.S. 45, 70 (1932), 23 D.C. code 1321 (i) (2). He was denied the benefit to talk with counsel here. The trial courts inquiry was deficient to determine what defense counsel's preparation was within. The range of competence required in preparing criminal case. Portillo v. US 62 A.3d 1243, 1253 (DC. 2012). Rather, he only question the trial court as to regarding counsels preparation for trial was whether they had an investigator working on the case.

The law has been clear that an individual is entitled to a new trial were assistance of counsel of his former trial counsel was constitutionally deficient. When courts failed to appoint counsel who is competent to properly represent a defendant given the particular circumstances of an individual case. The right to a fair trial under the due process clause of the fifth Amendment is also implicated. Powell, supra, 287 U.S. at 71.

Arbitrary or unjustified interference with a defendants consultation with counsel may also rise to the level of a due process violation. Potashwick v. Port city construction (609 F.2d) 3105,1117—38. The District of Columbia circuit 372 C.10-1930. Martin V. Laver, 686 F.2d 211, 32 N.36 (D.C. Cir. 1982). Restriction on speech between a attorney and their client directly to undermine the ability of attorney to confer with defendant would be hollow, if those consults counsel could not speak freely about there legal problems. (D.C. 2000) 762 A.2d 20 Attorney–client relationship Gray v. Thompsen 58 F.3d 59, 66 (4th cir. 1995) ("refusal to appoint private in-

vestigator for the defence violates due process"). Mr Lawlor prepared no defence strategy, failed to interview know witnesses, did not personally visit the scean of the alleged crime, where as knowledg of the area may have helped counsel in preparation of Mr. Johnson defence.

A client should not be expected to anticipate the best defence and then volunteer every kind of information he or she has in support of it. (Cosio v. U.S 853 A.2d 166, 372-73 (D.C. 2011) (en banc) ("It is the lawyer's Job to ask the right questions of the client) Wiggins v. Smith 539 v.s 540, 527) (2003) counsel did not seek information or question either the store clerk or gas station attendent. Counsel inexplicably failed to investigate this information after assuring moraint he would.

Equal protection of the Law. Polk County v. Dodson 454 U.S 312, 321-22 (1981) (" The Constitutional obligation of the State to respect the professional independence of the public defenders whom it engages (" Establishing the right of state criminal defenders to the guiding hand of counsel at every step in the proceedings against them. Gideon v. Wainwright, 372 v.s. 335, 345 (1963) (quoting) Powell Supra 287 v.s. at 69, Implicit in the concept of a guiding hand is the presumption That counsel will be free of state control. Dodson Supra at 322, N. 13. Indeed, an indispensable element of the effective performance of a lawyers responsibility to his client is to act independently of the government and to oppose it in adversary lisilation.

The supreme court in Strickland, supra 466 v.s at 692 discussed three instances in which the violation of the sixth amendment rights to counsel is presumptively presidicial (1) Actual or constructtive denial of counsel (2) state interference with counsels assisteance and (3)

Counsel operating under a conflict of Interest.

In its discussion of the analysis that would be required to conduct harmless-error review, the dissent focuses on which counsel was "better." See post, at 158-159, 165 L. Ed. 2d, at 425-426. This focus has the effect of making the analysis look achievable, but it is fundamentally inconsistent with the principle (which the dissent purports to accept for the sake of argument) that the Sixth Amendment can be violated without a showing of harm to the quality of representation. Cf. McKaskle, supra, at 177, n 8, 104 S. Ct. 944, 79 L. Ed. 2d 122.

This view is consistent with the Government's concession that [the Sixth Amendment] . . . encompasses a indigent defendant's right to choose counsel who will represent him in a criminal prosecution.

Ground Eleven

Trial Counsel's Lack of Due diliegence and Loyalty to his client.

Supporting facts:

If the court reviews the record, The judge should conclude that trial counsel's performance, on case was deficient, which is not the first time. Because Mr lawhen failed to investigate the entire Record Altogether, He requested little of Nothing in my case, And only got what the U.S Attorney's gave him, So he didN't have the ENtire records which he couid have sought for a better trial. Rather taking my Attorney possistion and the government which Amounts to deficient Performance and raise the fact that the trial court unnecessary removed A good Lawyer with-out good cause and present A 2255 defence due to the trial Attorney's INeffective Assistence. to pre-trial INvestigate the government's case by failing to interview witnesses, seek all discovery upon video films and Phone records of the said incidents which would have depicted a different story other then the one made up by the government and there (CJs). As A matter of fact the United States Supreme Court has endorse that in order for an defendant to establish Constitutionally deficient performance of Trial Counsel, A petitioner must show that his Lawyer omitted significant and ovious issues while pursuing issues that were. Clearly and significantly weaker. Smith V. Robbins, 528 US. 259,288 (2000) (quoting) Gray V. Greer, supra, 778 A.2d 350, 353 N.2 (7th Cir 1985) cert. denied, 478 U.S 1017 (986) (Vacated and Remanded) Other Courts have held similar views. Matire V. Wainwright, 811 F.2d 1430, 1438-39 N.8 (11th cir 1987) ("Meritorous fifth Amendment issue

was ovious upon even a "Casual Reading" of the trial transcripts" (Revered and Remanded); Fagan V. Washington, 942 F. 2d 1155, 1157 (7th cir 1991). And here in this case, Trial Counsel chose to present false prosecution to hide the fact that U.S.D.A Hoffman, and Task force Officers (TFO), Baltimore Law enforcement, had Targeted Mr. Johnson & Mr. Baily but tryed to coerce Mr. Johnson on several accasions to co-operate against Mr. Baily in this R.I.C.O case, by abusing the Justice system pur pose. As the issues presented here, The truth of the matter, based upon the fact that Mr Lawloo did not have all the Pre-trial transcripts and evidence in his possession nor did he bother to talk to any witnesses that were on the sceen.

In Addition to the Above, Pro-se litigants are not to be held to the same standards as practicing Lawyers who hold a severe advantage over prison inmates. Norris V. United States, 927 A.2d. 1034, 1039 n.8 (D.C. 2005) (citing collective cases) And to hold otherwise would violate the Appellate court's basic duty to hold Faith with the Constitution And Laws of the United States. Becker V. Montgomery, 532 U.S. 757, 767-68 (2002)

① The court should take judicial notice under Rule 201 et. seq. Fed. R. Evid. Gaither V. District of Columbia, 333 A.2d. 57, 59 (D.C. 1975). Because Federal Bureau of Prisons does [not] provide D.C. Inmates with criminal or civil practice manuels for the district demonstrating how Lower And Appellate division courts desire court pleading to be drafted. Christopher V. Harbury, 536 U.S 403, 413 (2002); which the courts should be self aware of the government hostility to All D.C. Prisoners, And is being Allowed to escape notice by those Jurist who is guilty of turning a blind eye to these legal malfeasance.

## Ground Twelve,

Supporting facts:

My Attorney Mr. Lawlor at Pre-trial did not properly explain to me what all would happen if I plead guilty. Mr. Lawlor failed to explain the effect that relevant conduct would have on defendants sentencing calculation. My Attorney did not fully investigate, research or object to sentence enhancements set forth in the PSIR or review PSIR with defendant. Insufficiencies by defendants lawyer influenced movants decision to plead guilty.

Lawyer was deficient, for allowing defendant to take unjust plea; for not adequately explaining the appeal waiver, for lack of due-dilagence at Pre-trial and trial readiness. Attorney told Mr. Johnson, That he would promise me that if I took 360 months plea, he along with AUSA Ms. Hoffman would no delt give me 30 years, Even with the threat of recieven life from my Attorney. Over and over I still said take things to trial what is our plan? MY Attorney can vouch for this, he said " I can not win your case and if you do anything other than take the 30 years He and Ms. Hoffman had been decussing I would surely recieve life." Those are his words U.S.A.D.A Ms. Hoffman would drop all counts if I would plea to count one R.i.c.o conspiracy and count 2 conspiracy to Distrubute, and she would gurrantee I get 30 years. I was told this November 2018 at CDF 401 E Madison st. Baiti. Md 21202. Daniel, 283 F. 3d at 703; US V. Amaya III F. 3d 386, 389 (5th cir. 1997). I was guaranteed this unjust plea by A Attorney that was incompetent, and had a Lost of Hope when it came to trial readyiness. He, Mr, Lawlor

instrukted me upon entering in to the Plea process, to answer all question's with a "Yes" (except). ① Has anybody threatened, coerced harassed or intimidated you in any way to enter (Plea)? And Has Any other promises of any sort been made to you in conneetion with your Plea of guilty? Being as that I lack kowlage of law and Law talk an definitions, I did what my Attorney who is soppose to be loyal and have my Best Intrest told me to do. Plus when those questions were asked my Attorney made it as if those questions where not against him or A.U.A, but for co-defendant an co-cospiucters. If I had proper representation, I would have known that; Yes I was threatened, coerced, harassed and intimidated by an officer of the court 2 officers of the court; And, promises were made to me when I plead guilty...

   With all the fact's stated, Mr. Johnson was induced into unjust plea-bargen, As well As Prosecutorial Misconduct caused defendant to plead in part.

WHEREFORE, Movant prays that the Court grant him/her all relief to which he/she may be entitled in this action.

I declare under the penalties of perjury that the information above is true and correct.

SIGNED THIS **24** day of **October**, **2019**.

_Dontray Johnson_
Signature

_Dontray JOHNSON_
Printed Name

CDF **1901 D St. SE, Wash, D.C. 20003**
Address

_____
Telephone Number

_____
Email Address

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Dontray Johnson     *

March 2, 1985

368-813 / 42134-037     *     **Criminal Case No.:** CCB-16-0267

CDF 1901 D st SE

Wash, D.C. 20003     *     **Civil Case No.:** CCB-19-2973
*(Full name, date of birth, identification #, address of movant)*        *(Leave blank. To be filled in by Court.)*

     **v.**

**United States of America**     *

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019 _____, _____,

a copy of Motion 28 U.S.C 2255

was mailed via first class mail, postage prepaid, to 101 W. Lombard Street

Clerk of Court U.S District Court Baltimore, Md 21201

_____

Dontray Johnson
Signature

Dontray Johnson
Printed Name

CDF 1901 D st., SE Wash, DC. 20003
Address

_____
Telephone Number

_____
Email Address